versal of that judgment was uncertain, and the court proceeded, until the fact of reversal should be certified. In this case the extinguishment of the original judgment as a debt of record is reduced to a certainty.

· Chief Justice Nelson in the case of Van Hook v. Whitloch, 26 Wend. 43, remarks on page 54: "I am not aware that it has been distinctly determined by any case, in the supreme court of the United States, that the discharge would not have been a bar against a citizen of another state, where the suit is brought in the court of the state, in which it was granted; and upon a contract made therein posterior to the law." Neither am I aware of any such decision in the supreme court of the United States. But we now see that the court of the state of New York has so decided; and as the plaintiffs would be barred of a suit in that state, this court has no right to question the position of the court of that state, that the judgment in the county of Chautauqua, into which the note merged, is extinguished as evidence of a subsisting debt. I think the plaintiffs are as much bound by the insolvent discharge of the defendant in the state of New York, as if they had consented to the discharge, and had received a dividend of the assets of the insolvent estate.

The judgment in the United States circuit court in Illinois, was founded upon, and, as I have shown, is dependent upon the satisfaction or extinguishment of the judgment in New York. That judgment being rendered before the insolvent discharge of the defendant, cannot be interposed, to deprive the defendant of the legal benefit of his discharge. Such being the legal consequence of that discharge, in regard to the judgments in New York and Illinois, it follows that the plaintiffs cannot maintain this suit, and that the demurrer must be overruled, and judgment entered for the defendant on the plea.

See Green v. Sarmiento [Case No. 5.760]; Bank of Alabama v. Dalton, 9 How. [50 U. S.] 522; Hampton v. McConnell, 3 Wheat. [16 U. S.] 234; Mills v. Duryee, 7 Cranch [11 U. S.] 481; Warren Manuf'g Co. v. Etna Ins. Co. [Case No. 17,206]; Steel v. Smith, 7 Watts & S. 447.

## Case No. 3,609.
### DAVIDSON v. SMYTHE.

[The case reported under above title in 5 Int. Rev. Rec. 94, is the same as Case No. 3,-604.]

DAVIDSON (TAYLOE v.). See Case No. 13,-769.
DAVIDSON (UNITED STATES v.). See Case No. 14,922.

## Case No. 3,609a.
DAVIDSON et al. v. WHEELOCK et al.
Circuit Court, D. Minnesota. May Term, 1866.
[See 27 Fed. 61.]

DAVIDSON (YOUNG v.). See Case No. 18,-157.
DAVIDSON, The CLARA. See Case No. 2,791.
DAVIDSON COUNTY (BEVERLY v.). See Case No. 1,377.

## Case No. 3,610.
### DAVIE v. HATCHER.

[1 Woods, 456;[1] 10 Am. Law Reg. (N. S.) 519.]

Circuit Court, S. D. Georgia. April Term, 1871.

WAR—SUSPENSION OF STATUTES OF LIMITATION—RETROACTIVE LAWS—FEDERAL COURTS FOLLOWING STATE DECISIONS—DISCHARGE OF SURETIES.

1. The statute of Georgia, of the 14th of December, 1861, suspending the statutes of limitation then in force during the then existing war, and suspending the statutes in cases where they had commenced to run, until peace should be declared; and the ordinance passed by the convention of the people on the 31st of October, 1865, suspending the statutes of limitation in all cases, civil and criminal, from the 19th of January, 1861, until civil government should be restored or the legislature should otherwise direct, however defective they may have been in point of original authority, were ratified by the constitution of the state, of 1868.

2. The act of the 16th of March, 1869, passed by the general assembly established under the constitution of 1868, declaring that all acts of the legislature of the state, and all ordinances of the conventions of 1865 and 1868, which have the force and effect of law, and which are retroactive in their character relative to the statutes of limitation, should be held null and void in all cases in which the statute had fully run before the passage of said retroactive legislation, does not control or modify the operation of those suspensory laws of 1861 and 1865, except in cases where the statute had fully run before their passage respectively.

3. The decision of the state courts that the statute passed in 1826, and re-enacted in 1831, by which the surety or indorser of a promissory note, after it has become due, may require the holder to proceed to collect the same, and if he does not proceed so to do within three months after such requisition, the indorser or surety shall be no longer liable, does not apply where the principal does not reside in the state —that he cannot be compelled to go out of the state to sue the principal, is binding on this court.

4. The omission of the holder of a promissory note to sue the maker, who resides in another state, can, under no circumstances, as between him and the surety on the note, make the holder chargeable with gross negligence.

This cause was heard upon a motion for a new trial made by defendant.

Andrew Sloan and L. S. Downing, for the motion.

W. U. Garrard, contra.

BRADLEY, Circuit Justice. This was an action of assumpsit commenced on the 31st of December, 1869, on a promissory note, dated at Columbus, Ga., December 30, 1858, given by Reuben Allison as principal, and Samuel J. Hatcher as surety, to P. J. Phillips, executor of H. H. Lowe, or bearer, for the

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]